

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 19, 2004

Mr. O. C. "Chet" Robbins
Executive Director
Texas Funeral Service Commission
Post Office Box 12217
Austin, Texas 78711-2217

Opinion No. GA-0218

Re: Whether chapter 716 of the Health and Safety Code permits a person authorized to dispose of the remains of a deceased individual to contract directly for cremation services (RQ-0169-GA)

Dear Mr. Robbins:

You ask whether chapter 716 of the Health and Safety Code permits a person authorized to dispose of the remains of a deceased individual to contract directly for cremation services.[1]

Chapter 716 of the Health and Safety Code, enacted in 2003, addresses the regulation of crematories. *See* Act of May 8, 2003, 78th Leg., R.S., ch. 178, 2003 Tex. Gen. Laws 253. "Crematory" is defined therein as "a structure containing a retort used or intended to be used for cremation of human remains."[2] TEX. HEALTH & SAFETY CODE ANN. § 716.001(9) (Vernon Supp. 2004). "'Cremation' means the irreversible process of reducing human remains to bone fragments through direct flame, extreme heat, and evaporation. The term may include pulverization, which is the process of reducing identifiable bone fragments after cremation and processing granulated particles by manual or mechanical means." *Id.* § 716.001(5). Section 716.051 provides that, "[e]xcept as otherwise provided in this chapter, a crematory establishment may not cremate deceased human remains until it receives: (1) a cremation authorization form signed by an authorizing agent; and (2) a death certificate or other death record that indicates the deceased human remains may be cremated." *Id.* § 716.051.

---

[1]Letter from Mr. O. C. "Chet" Robbins, Executive Director, Texas Funeral Service Commission, to Honorable Greg Abbott, Texas Attorney General (Jan. 21, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]"Retort" is defined in the American Heritage Dictionary as: "A closed . . . vessel . . . used for . . . decomposition by heat." AMERICAN HERITAGE DICTIONARY 1489 (4th ed. 2000); The Oxford American Dictionary defines "retort" as a "container or furnace for carrying out a chemical process on a large or industrial scale." OXFORD AMERICAN DICTIONARY 1455 (1st ed. 2001); *see also* TEX. HEALTH & SAFETY CODE ANN. § 716.001(6) (Vernon Supp. 2004) ("'Cremation chamber'" means an enclosed retort used exclusively for cremation of human remains.").

A "cremation authorization form" must, *inter alia*:

      (1) identify the deceased person and the time and date of death;

      (2) include the name and address of the funeral director *or other person* that contracted to provide for the cremation;

      (3) identify the authorizing agent and the relationship between the authorizing agent and the deceased person;

    . . . .

      (7) include the name of the funeral establishment *or other person* authorized to receive the cremated remains from the crematory establishment;

    . . . .

*Id.* § 716.052(a)(1)-(3), (7) (emphasis added). "Authorizing agent" means "a person authorized to dispose of a decedent's remains under Section 711.002 [of the Health and Safety Code]."[3] *Id.* § 716.001(1). Section 711.002(g) provides that an individual "may provide written directions for the disposition" of his or her remains, "including cremation." *Id.* § 711.002(g) (Vernon 2003). If a decedent has not left written directions, section 711.002(a) names those persons, "in the priority listed [that] have the right to control the disposition, including cremation, of the decedent's remains." *Id.* § 711.002(a). Section 711.002(b) sets forth the form of the "written instrument" by which the decedent shall have directed the disposition of his or her remains. *Id.* § 711.002(b).

As we have indicated, section 716.052(a) provides that a "cremation authorization form" must "include the name and address of the funeral director *or other person* that contracted to provide for the cremation," as well as "the name of the funeral establishment *or other person* authorized to receive the cremated remains from the crematory establishment." *Id.* § 716.052(a)(2), (7) (Vernon Supp. 2004) (emphasis added). Your question is whether the phrase "other person" is limited to agents of a funeral establishment, or whether it may include the authorizing agent. Request Letter, *supra* note 1, at 3. If the latter construction is correct, then an authorizing agent may contract directly with a crematory.

In *State v. Johnson*, 939 S.W.2d 586 (Tex. Crim. App. 1996), the court was asked to construe a portion of article 38.23(a) of the Code of Criminal Procedure, which provided that "[n]o evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in

---

[3]Section 716.053(a) permits an authorizing agent to "delegate to a representative in writing the authority to execute a cremation authorization form." TEX. HEALTH & SAFETY CODE ANN. § 716.053(a) (Vernon Supp. 2004).

evidence against the accused on the trial of any criminal case . . ." *Id.* at 587. The court said that "[t]his dispute turns on the words 'officer or other person'. The State contends that 'other person' includes only 'peace officers or citizens acting as agents for peace officers'. . . . Appellee, however, urges that 'other person' encompasses private individuals not acting as agents of the government." *Id.* The court concluded:

> No doubt, the plain language of [article] 38.23 supports the conclusion that the unlawful or unconstitutional actions of *all* people, governmental and private alike, fall under the purview of Texas' exclusionary rule. One need only turn to a dictionary of the English language: "[O]ther" means "being the ones distinct from those first mentioned". . . . Since "officer[s]" are "those first mentioned," "other person[s]" are those distinct from officers. Of course, a person can be distinct from an officer in many ways, but the text of [article] 38.23 does not draw any distinction other than the most general "officer or other person". And, despite the State's assertion to the contrary, "officer" in no way modifies "other person" so as to limit the meaning of "other person" to "citizens acting as agents for peace officers". . . . Not only is the State's contention grammatically insupportable, but it also proposes that the "other person[s]" are somehow *like* officers, a concept that contradicts the very definition of "other", which serves to draw a *distinction*, albeit broad, between "officer[s]" and "other person[s]".

*Id.* (citation omitted).

Likewise, nothing in section 716.052(a) of the Health and Safety Code suggests that the term "other person" should be limited to agents of a funeral establishment. As the court declared in *Johnson*, such a construction "contradicts the very definition of 'other,' which serves to draw a *distinction*, albeit broad, between "officer[s]" and "other person[s]." *See id.* We find this reasoning highly persuasive in its application to the question you present. Nothing in the legislative history of the bill enacting chapter 716 indicates that the legislature intended the term "other person" to apply only to agents of a funeral establishment. In addition, our construction is supported by the entire context of chapter 716. When the legislature intends to use "other" in reference to the representative of a funeral establishment, it has done so explicitly. *See, e.g.*, TEX. HEALTH & SAFETY CODE ANN. § 716.052(c) (Vernon Supp. 2004) ("A funeral director or other representative of a funeral establishment that contracts to provide for the cremation of deceased human remains must sign the cremation authorization form.").

This does not end our inquiry, however. Section 716.004(b) of the Health and Safety Code provides:

> (b) Unless a crematory establishment is also licensed as a funeral establishment, the crematory establishment may not accept

> any deceased human remains for cremation until the cremation is authorized in writing by a justice of the peace or medical examiner of the county in which the death occurred.

*Id.* § 716.004(b). This provision means that an authorizing agent may directly use the services of a crematory only if the crematory is also licensed as a "funeral establishment," or, in the alternative, if the authorizing agent receives a written authorization from either a justice of the peace or medical examiner of the county in which the death occurred. Although section 716.004(b) thus imposes an additional limitation on an authorizing agent's attempt to contract directly for cremation services, it does not forbid it.[4]

We conclude that chapter 716 of the Health and Safety Code permits a person authorized to dispose of the remains of a deceased individual to contract directly for cremation services, but only if the crematory is also licensed as a funeral establishment or if the authorizing agent receives written authorization from either a justice of the peace or medical examiner of the county in which the death occurred.

---

[4]Section 14 of House Bill 587, which enacted chapter 716 of the Health and Safety Code, imposes yet another qualification upon an authorizing agent's capacity to contract directly for cremation services. Section 14 of that bill added section 651.656 to the Occupations Code. *See* Act of May 8, 2003, 78th Leg., R.S., ch. 178, § 14, 2003 Tex. Gen. Laws 253, 262. That statute provides that "[a] person may not hold a crematory establishment license unless the person holds a funeral establishment license or owns or operates a perpetual care cemetery." TEX. OCC. CODE ANN. § 651.656(b) (Vernon 2004). However, subsection (c) states that "[s]ubsection (b) does not apply to the owner or operator of a crematory registered with the commission on September 1, 2003." *Id.* § 651.656(c). Thus, an authorizing agent who attempts to contract with a crematory not registered with the Texas Funeral Service Commission on September 1, 2003, may in fact be compelled to negotiate with a funeral establishment or a cemetery in order to receive crematory services.

## S U M M A R Y

Chapter 716 of the Health and Safety Code permits a person authorized to dispose of the remains of a deceased individual to contract directly for cremation services, but only if the crematory is also licensed as a funeral establishment or if the authorizing agent receives written authorization from either a justice of the peace or medical examiner in which the death occurred.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee